UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CR-236-1BO(4)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **I N D I C T M E N T** |
| | ) | |
| MARYAM MOVSUM HASANOVA | ) | |
| a/k/a "Maryan Hasanova" | ) | |

The Grand Jury charges that:

## General Allegations

At all times relevant to this Indictment:

1.     The Immigration and Nationality Act (INA) governs the immigration laws of the United States.

2.     Pursuant to the INA, the term "alien" means any person not a citizen or national of the United States.

3.     Pursuant to the INA, aliens are not permitted to permanently reside in the United States unless they were lawful permanent residents.

4.     Under the INA, an alien who is married to a United States citizen can obtain lawful permanent resident status in the United States if the marriage was entered into in good faith; and the United States citizen did not enter into the marriage in exchange for something of value, such as money; and the United States citizen did not enter into the marriage for the purpose of enabling the alien to obtain legal permanent resident status in the United States.

1

5.      The United States Citizenship and Immigration Services (USCIS) is an agency of the United States Department of Homeland Security charged with processing applications for immigration benefits such as lawful permanent residence, and naturalization.

6.      In order for an alien to obtain permanent resident status on the basis of marriage to a United States citizen, the United States citizen spouse is required to file a Petition for Alien Relative (Form I-130) on behalf of the alien. In the Form I-130, the spouse is required to certify that they are in fact a United States citizen, to provide certain background information about the marriage and to certify that the marriage was not entered into for purposes of evading immigration laws. Additionally, certain supporting documentation is also required to be submitted contemporaneously with the Form I-130, to include, but not limited to, a copy of the marriage certificate.

7.      An alien who is seeking to become a lawful permanent resident of the United States on the basis of marriage to a United States citizen is required to complete and submit to the USCIS an Application to Register Permanent Residence or Adjust Status (Form I-485). The alien is required to sign the Form I-485 certifying, under penalty of perjury, that the information provided by the alien, including information about the alien's spouse, is true and correct and that the alien is admissible to the United States pursuant to the INA.

8.     Upon receipt of the Form I-485 and the Form I-130, the USCIS begins an official proceeding to determine whether to grant the petition.

9.     As part of the official proceeding, the USCIS conducts interviews with the alien and the United States citizen spouse in order to determine the validity of the claimed marriage.

10.     If an alien is approved by USCIS, the alien is accorded "conditional" lawful permanent resident status for a period of two (2) years. Generally, within ninety (90) days of the two (2) year anniversary of the issuance of conditional lawful permanent residence, the alien and United States citizen file a Petition to Remove Conditions on Residence (Form I-751) with USCIS to remove the conditional status of the alien. The alien and the United States citizen must establish that the marriage was entered into in good faith. A marital interview is conducted at USCIS's discretion.

11.     If and when the Form I-751 is approved, the conditions of the alien's residence are removed, resulting in unconditional lawful permanent residence status. This status authorizes the alien to permanently reside and lawfully work in the United States.

12.     After a specific period of time required by statute a lawful permanent resident can apply for United States citizenship by completing an Application for Naturalization (Form N-400).

13.     Married members of the United States military receive a Basic Allowance for Housing (BAH) monthly stipend typically in the amount of $1,000.00 (or higher, depending on location) so that the member and his spouse can live off post as opposed to living in their assigned barracks room. Married members also receive additional pay based on deployments.

14.     The defendant, MARYAM MOVSUM HASANOVA, a/k/a "Maryan Hasanova", was born in the country of Azerbaijan, formerly the Georgian Soviet Socialist Republic, and as of October 2019, was an alien in the United States Military stationed at Fort Bragg, North Carolina.

15.     Individual, S.V.M., was a citizen of the United States.

## COUNT ONE

Paragraphs 1-15 of the General Allegations section above are incorporated and re-alleged herein by reference.

Beginning in or around January 2015, and continuing through on or about the date of this Indictment, in the Eastern District of North Carolina and elsewhere, the defendant, MARYAM MOVSUM HASANOVA, a/k/a "Maryan Hasanova" did knowingly and willfully combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury to commit certain offenses against the United States, that is, to knowingly enter into a marriage for the purpose of evading provisions of the immigration laws, namely Title 8, United States Code, Sections 1154 and 1186a, which provisions restrict the availability of lawful permanent resident

4

status, applied for on the basis of marriage to a United States citizen to those aliens who have entered into the marriage in good faith, not in exchange for something of value, and not for the purpose of procuring the alien's admission as an immigrant, in violation of Title 8, United States Code, Section 1325(c).

## PURPOSE OF THE CONSPIRACY

It was the purpose of the conspiracy for the defendant, MARYAM MOVSUM HASANOVA, a/k/a "Maryan Hasanova", along with others known and unknown to the Grand Jury, to induce a United States citizen to enter into a sham marriage with an alien for the purpose of evading United States immigration laws and obtaining lawful permanent residence status for an otherwise inadmissible alien.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant, MARYAM MOVSUM HASANOVA, a/k/a "Maryan Hasanova", and her co-conspirators, sought to accomplish the purpose of the conspiracy included, among other things, the following:

Defendant, MARYAM MOVSUM HASANOVA, a/k/a "Maryan Hasanova" conspired with S.V.M., a United States citizen, to enter into a fraudulent marriage. The purpose of the marriage was to fraudulently qualify HASANOVA for immigration benefits, including lawful permanent resident status in the United States.

It was further part of the conspiracy that Individual, S.V.M. would prepare and submit immigration applications and supporting documentation on behalf of

5

HASANOVA to the USCIS knowing the marriage was fraudulent and entered into to evade provisions of the immigration laws.

It was further part of the conspiracy that S.V.M., once married to HASANOVA, would be paid $15,000 in order to engage in the marriage and file the immigration documents.

## OVERT ACTS

In furtherance of the conspiracy and in order to accomplish the purpose and object thereof, the defendant, MARYAM MOVSUM HASANOVA, a/k/a "Maryan Hasanova", and co-conspirators did commit, and cause to commit, among others, at least one of the following overt acts:

1.      In or around the beginning of 2015, in Allentown, Pennsylvania, and elsewhere an individual known to the Grand Jury (hereinafter Individual 1) introduced S.V.M. to HASANOVA.

2.      From the beginning of 2015, through October of 2015, in Allentown, PA, New York, New York, and elsewhere, HASANOVA and S.V.M. took staged photographs of themselves, and communicated through text, email, and social media.

3.      In or around March of 2015, S.V.M. agreed to engage in the marriage to HASANOVA in exchange for $15,000.

4.      On or about October 13, 2016, S.V.M. obtained a New York State Identification Card, ID number: XXX XXX 868 depicting his name, photograph, and

signature, reflecting an address of XXX 52nd Street, Apartment 3A, Brooklyn, New York 11220.

5.      On or about October 15, 2015, S.V.M. and HASANOVA participated in a civil marriage ceremony and got married in New York County, New York.

7.      On or about March 7, 2016, USCIS received a Form I-130 filed by S.V.M. on behalf of HASANOVA. S.V.M. signed the petition on March 2, 2016.

8.      On or about March 7, 2016, USCIS received a Form I-485 filed by HASANOVA. HASANOVA signed the application on or about March 2, 2016, under penalty of perjury. Accompanying the Form I-485 were supporting documents to include numerous staged photographs of HASANOVA and S.V.M.

9.      On or about October 31, 2016, HASANOVA and S.V.M. were interviewed at the USCIS office in New York, New York. Both attested under oath they were married in good faith.

10.      On or about February 8, 2017, HASANOVA and S.V.M. were again interviewed at the USCIS office in New York, New York. Both attested under oath they were married in good faith. As a result of the interview, USCIS approved the Form I-130 and the Form I-485. HASANOVA was granted conditional resident status in the United States.

11.      Between October 15, 2015 and on or about February 8, 2017, HASANOVA gave S.V.M. a total of approximately $15,000 as payment for the sham marriage.

12.     On or about January 17, 2019, USCIS received a Form I-751 filed by S.V.M. and HASANOVA attesting they were married in good faith and requesting HASANOVA's removal of conditions on her resident status.

13.     On January 16, 2020, HASANOVA and S.V.M. submitted additional evidence in support of the I-751 petition, including a "Statement for Enlistment, United States Army Enlistment Program", stating that HASANOVA was selected for "Cargo Specialist" in the U.S. Army.

14.     On or about December 4, 2020, while residing at XXX Cairo Street, Fayetteville, North Carolina, HASANOVA filed an application for naturalization (Form N-400) with USCIS.

All in violation of Title 18, United States Code, Section 371.

### COUNT TWO

Paragraphs 1-15 of the General Allegations section above are incorporated and re-alleged herein by reference.

On or about December 4, 2020, in the Eastern District of North Carolina and elsewhere, the defendant, MARYAM MOVSUM HASANOVA, a/k/a "Maryan Hasanova", did knowingly attempt to procure her naturalization as a United States citizen contrary to law, by making a false statement under oath regarding her naturalization application, that is:

a. On her Application for Naturalization (Form N-400), in response to the question "Have you ever committed, assisted in committing, or attempted to commit, a crime or offense for which you were not arrested?" she answered "No" when in fact, as she then knew, she had committed the crime

8

of marriage fraud and conspiracy to commit marriage fraud from at least in or around March 2015, and continuing to in or about December 4, 2020, within the Eastern District of North Carolina and elsewhere.

b. On her Application for Naturalization (Form N-400), in response to the question "Have you ever given any U.S. Government official(s) any information or documentation that was false, fraudulent, or misleading? she answered "No" when in fact, as she then knew, she had conspired with S.V.M. and others, by engaging in a fraudulent marriage, and claimed that she and S.V.M. were residing together as husband and wife when in fact they were not.

c. On her Application for Naturalization (Form N-400), in response to the question "Have you ever lied to any U.S. Government officials to gain entry or admission into the United States or to gain immigration benefits while in the United States? she answered "No" when in fact, as she then knew, she had conspired with S.V.M. and others, by engaging in fraudulent marriage, and claimed that she and S.V.M. were residing together as husband and wife when in fact they were not and she would not have otherwise be entitled to lawful permanent resident status.

All in violation of Title 18, United States Code, Section 1425(a).

## COUNT THREE

Paragraphs 1-15 of the <u>General Allegations</u> section above are incorporated and re-alleged herein by reference.

On or about December 4, 2020, in the Eastern District of North Carolina and elsewhere, the Defendant, MARYAM MOVSUM HASANOVA, a/k/a "Maryan Hasanova", did knowingly make under oath, and did knowingly subscribe as true under penalty of perjury under Title 28, United States Code, Section 1746, a false statement with respect to a material fact in an application required by the immigration laws and regulations prescribed thereunder, that is, defendant HASANOVA stated falsely in an Application for Naturalization (Form I-400) that (1)

she had never committed, assisted in committing, or attempted to commit, a crime or offense for which she not arrested; (2) she had never given any U.S. Government officials any information or documentation that was false, fraudulent or misleading; (3) she had never lied to any U.S. Government officials to gain entry or admission into the United States or to gain immigration benefits while in the United States, when in fact, as she then and there knew, she had entered into a fraudulent marriage and paid S.V.M $15,000 in order circumvent the immigration laws, all in violation of Title 18, United States Code, Section 1546(a).

## COUNT FOUR

Paragraphs 1-15 of the General Allegations section above are incorporated and re-alleged herein by reference.

On or about December 4, 2020, in the Eastern District of North Carolina and elsewhere, the defendant, MARYAM MOVSUM HASANOVA, a/k/a "Maryan Hasanova", did knowingly make a false statement under oath in a case, proceeding, and matter relating to, and under, and by virtue of any law of the United States relating to naturalization, citizenship, and registry of aliens, that is, defendant HASANOVA stated falsely in an Application for Naturalization (Form N-400) that: (1) she had never committed, assisted in committing, or attempted to commit, a crime or offense for which she not arrested; (2) she had never given any U.S. Government officials any information or documentation that was false, fraudulent or misleading; (3) she had never lied to any U.S. Government officials to gain entry or admission

into the United States or to gain immigration benefits while in the United States, when in fact, as she then and there knew, she had entered into a sham marriage and paid S.V.M $15,000 in order circumvent the immigration laws, all in violation of Title 18, United States Code, Section 1015(a).

## COUNT FIVE

Paragraphs 1-15 of the General Allegations section above are incorporated and re-alleged herein by reference.

Beginning on or around October 29, 2019, and continuing through the present, in the Eastern District of North Carolina and elsewhere, the defendant MARYAM MOVSUM HASANOVA, a/k/a "Maryan Hasanova," willfully and knowingly did embezzle, steal, purloin, and convert to defendant's use property of the United States, to wit, money and benefits of a value exceeding $1,000, in violation of Title 18, United States Code, Section 641.

## COUNT SIX

On or about August 16, 2019, in the Eastern District of North Carolina, and elsewhere the defendant, MARYAM MOVSUM HASANOVA, a/k/a "Maryan Hasanova," did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by stating she had not been issued a passport or identity document by other than the United States, on an Office of Personnel Management (OPM) Security Clearance Application (Form SF-86). The

11

statements and representations were false because as MARYAM MOVSUM HASANOVA, a/k/a "Maryan Hasanova" then and there knew, she was issued a passport from the Republic of Azerbaijan number P3303142 on June 10, 2008, in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT SEVEN

On or about August 16, 2019, in the Eastern District of North Carolina, and elsewhere the defendant, MARYAM MOVSUM HASANOVA, a/k/a "Maryan Hasanova," did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by stating she had not travelled outside the United States in the last seven years, on an Office of Personnel Management (OPM) Security Clearance Application (Form SF-86). The statements and representations were false because as MARYAM MOVSUM HASANOVA, a/k/a

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

"Maryan Hasanova" then and there knew, she had traveled to Turkey, and Canada,

on multiple occasions, in violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL

REDACTED VERSION
Pursuant to the E-Government Act and the
federal rules, the unredacted version of
this document has been filed under seal.

FOREPERSON

DATE: June 2, 2021

G. NORMAN ACKER, III
Acting United States Attorney


BY: BARBARA D. KOCHER
Assistant United States Attorney

13